UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DRAY REED,

    Defendant.
_____/

Case No. 17-20837
Hon. Mark A. Goldsmith

**OPINION
SETTING FORTH THE REASONS FOR DENYING DEFENDANT DRAY REED'S
MOTION FOR COMPASSIONATE RELEASE (Dkt. 134)**

The Court denied Defendant Dray Reed's motion for compassionate release on October 26, 2020 (Dkt. 141). The Court is entering this Opinion to set forth its findings and analysis in support of that order.

Pursuant to a Rule 11 plea agreement, the Court sentenced Reed on January 21, 2020, to 10 years' imprisonment for conspiracy to possess with intent to distribute and to distribute controlled substances (Methamphetamine), in violation of 18 U.S.C. § 841(a)(1) & 846. See Judgment (Dkt. 124). Reed has a projected release date of September 21, 2027. Reed sought compassionate release under the First Step Act because of the dangers posed by COVID-19. For the reasons that follow, the Court denied Reed's motion.

### I. LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences.

United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

## II.     ANALYSIS

### A. Extraordinary and Compelling Reasons

The Sentencing Guidelines policies did not support a finding of extraordinary and compelling reasons justifying Reed's requested relief. Reed, currently incarcerated at Elkton FCI, is 27 years old and has been diagnosed with essential (primary) hypertension, and he has a body mass index of approximately 38. See Reed Med. R., Ex. A to Gov't Resp., at PageID.462-463 (Dkt. 139). Reed's body mass index places him at a greater risk of the severe effects of COVID-

19.[1]  However, essential (primary) hypertension is not the type of hypertension that the Centers for Disease Control and Prevention ("CDC") has identified as making one more susceptible to COVID-19.  The CDC identifies pulmonary hypertension as a condition that increases severe illness from COVID-19.  Other types of hypertension "might" increase risk of severe illness.[2]  Reed has also already contracted and recovered from COVID-19.  See Reed Med. R. at PageID.459.  He was asymptomatic.  Id.

In light of Reed's relatively young age, his access to adequate medical care at Elkton FCI, and the current levels of active COVID-19 cases among inmates at Elkton FCI (currently five active cases among a population of more than a thousand),[3] release would not have been consistent with the policy statements issued by the Sentencing Commission.[4]

**B.  18 U.S.C. § 3553(a) Factors**

The § 3553(a) factors include the nature and circumstances of a defendant's offenses and the history and characteristics of the defendant, the seriousness of the offenses, and the need to

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity (last visited on November 17, 2020).

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#copd (last visited on November 16, 2020).

[3] See https://www.bop.gov/coronavirus/ (last visited on November 17, 2020); see also https://www.bop.gov/locations/institutions/elk/ (last visited on November 17, 2020) (stating Elkton FCI has 1,134 inmates).

[4] Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19.  See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-*7 (E.D. Mich. May 1, 2020).

protect the public from further crimes by the defendant. Reed has two prior felony convictions for retail fraud and larceny, he is serving a 10-year custodial sentence for conspiring to distribute methamphetamine with a projected release date in 2027, and he has already been subject to two disciplinary charges during his current incarceration, see Disciplinary R., Ex. D to Gov't Resp., at PageID.520 (Dkt. 140-3) (refusing to work and obey an order, and interfering with taking count). The § 3553(a) factors did not favor Reed's release.

### III. CONCLUSION

For the reasons stated above, the Court denied Reed's motion for compassionate release (Dkt. 134).

Dated: November 19, 2020  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2020.

s/Karri Sandusky  
Case Manager